## 27636. PICKETT et al. v. PAINE.

HAWES, Justice. This action was originally commenced when Leon Paine, as sole minority shareholder and former officer of the corporations, Pico, Inc., and Calero, Inc., filed a complaint against Roscoe Pickett,

as majority shareholder and president, joining as party defendants both Pico and Calero. The complaint as amended contained three separate claims for relief. Count 1 was in the nature of a derivative shareholder action brought in conformity with the Georgia Business Corporation Act (Code Ann. §§ 22-614, 22-615), seeking relief on behalf of the defendant corporations under Code Ann. § 22-714 for alleged fraudulent and unlawful misapplication and waste of corporate assets and property on the part of the defendant Pickett. In it there was alleged in part that as a result of various business negotiations Paine had severed his out-of-state employment and moved to Atlanta, Georgia, there to assist Pickett in the acquisition, development and sale of real estate. It was alleged Paine would share in the profits and be given an interest in the enterprise. This agreement was subsequently superseded by the incorporation of two real estate development corporations, Pico, Inc., and Calero, Inc., in which Paine acquired 10 and 25 percent shareholder interests, respectively, with Pickett retaining the remaining outstanding shares. The substantive allegations of fraud as committed by Pickett on the corporations were that as a result of a loan given by Wachovia Realty Investments to Pico and secured with property of the two corporations, the proceeds of such loan were utilized by Pickett for his own personal purposes, for payment of private debts and to acquire property in his own name. The specific allegations of fraud in this regard were that proceeds of the Wachovia loan were used by Pickett to satisfy mortgages on his own property and to procure in his own name certain property in Fulton County, Georgia, known as the Glenridge Drive or Fitts property. Other averments under Count 1 were that the defendant corporations had not kept books and records as required by the Georgia Business Corporation Act, that

Pickett commingled corporate funds with those of his own without accounting to the corporations, and that this was in breach of a fiduciary duty owing the minority shareholder. Paine further asserted that he had made an earnest demand on the boards of directors of the corporations to recover the misapplied funds by appropriate action, that he had requested of the defendants that he be allowed to see various books and papers of the corporations and that he be given an accounting, but that these demands and requests had been refused in each instance. Under Count 1 Paine prayed for a general corporate accounting, for personal relief against the corporations and Pickett for sums alleged due and owing him, for costs and attorney fees, and for such relief as the court might deem appropriate.

Count 2 of the complaint was a claim for dissolution of the corporations under Code Ann. § 22-1317 (a) (1) (B) and (D) based on the allegations of Pickett's fraud and waste of corporate assets as found in Count 1. Paine prayed for injunctive relief under Count 2 against transferring and disposing of corporate property, for the appointment of a liquidating receiver and for liquidation and distribution of corporate assets.

Count 3 was a claim against Pickett individually for a declaration of interest in and partition of various properties which Paine alleged he had assisted in the acquisition of pursuant to oral agreements with Pickett by which for services rendered he would be given a 10-percent interest in the properties. Such properties were described as the so-called Spieks and Bailey property in DeKalb County, certain Gilmer County property, and the Crews property in Fulton County, together with certain Cobb County property not now in issue on appeal. Under this count of the complaint, Paine asked for an accounting from Pickett, a declaration of his 10-percent interest in the

properties and a partition of such properties according to his interest therein.

To the complaint the defendants answered with denials of the material allegations and after extensive discovery, the defendants filed for summary judgment as to each claim for relief. The trial court heard the matter on this motion and denied summary judgment as moved for, finding an evidentiary basis for submitting the case to a jury. The trial court has subsequently certified the case for appeal and the defendants below have now appealed to this court for review. *Held:*

1. Count 1 of the complaint is a derivative shareholder claim for relief on behalf of the corporations, Pico and Calero, for alleged misapplication and waste of corporate assets on the part of the majority shareholder and president of the corporations, Pickett. The claim is on behalf of both corporations because of the alleged fraudulent use of proceeds from the loan to Pico by Wachovia Realty Investments, such loan being secured in part with property of the corporation Calero. The prayer for relief under the count, however, includes a claim for personal judgment against Pickett and the corporations for sums alleged due and owing Paine. In the complaint and in argument before the court, this claim for personal recovery was indicated to be based on various oral agreements between Pickett and Paine by which Paine would be given an interest in the corporate properties, and, as appears from the evidence, was inserted because of the absence of any prior declaration of dividends by the corporations and the absence of any specific agreement between the parties specifying how the minority shareholder would participate in the profits of the corporations. The claim also relates to those asserted in Count 3 of the complaint with regard to properties not owned by the corporations but which were acquired as alleged for

Pickett with the services of Paine and in which he seeks a declaration of interest. It relates as well to the efforts of Paine to realize his equity interest in the assets of the corporations through his claim for liquidation in Count 2 of the complaint.

As a general rule, a claim for misappropriation and waste of corporate assets by a director or officer of a corporation belongs to the corporation and not to its shareholders, and except in various rare circumstances, not applicable here, complaining shareholders will not be allowed to recover directly. See Kaplan's Nadler, Georgia Corporation Law, Sec-. tions 10-18 and 11-16 (1971). See also Comment: Corporations—Shareholders' Derivative and Direct Actions—Individual Recovery, 35 N. C. L. Rev. 279 (1957). The Georgia Business Corporation Act, Code Ann. § 22-615 (d), excepts in this regard only costs and attorney fees as may be incurred by the minority shareholder as a result of the derivative action. Any recovery, therefore, that may be had by the corporations as a result of the action may not be directly participated in by the minority shareholder. On the other hand, any profits of the corporations that may be due and owing Paine because of his minority shareholder interests can only be realized indirectly through the declaration of dividends or other corporate agreement by which such minority shareholder would be allowed a portion of the profits as perhaps related to his percentage interests in the corporations. However, the prayer for relief includes no request for a declaration of dividends, generally a matter of internal corporate discretion, and the agreements asserted as a basis for relief in this regard pertain only to the interests of Paine, as alleged and argued, in the properties themselves and not to the profits that may accrue to the corporations as a result of their acquisition and development. Furthermore, Paine's

stock holdings in the corporations would insure him an equitable interest in the corporate properties themselves.

The appellee has asserted, however, that the court should look behind the corporate personality and allow direct recovery for Paine's interests in the corporate properties now owned and as may be recovered as a result of this action. This argument proceeds on the basis that Pickett is the alter ego of the corporations and that he has abused the corporate entities by so using them for his own personal purposes as to render them without separate existence. In the past, this court has been reluctant to disregard the corporate entity except where third parties were involved in dealing with the corporation and director or shareholder liability was in question, or where public policy might require looking beyond the corporate structure in the public interest. See *Independent Bankers Assn. v. Dunn,* 230 Ga. 345 (197 SE2d 129) (1973). We are also not unmindful that we deal here with close corporations and that many of the management characteristics of such corporations do not always conform to prevailing corporate practices. As would appear to be existing here, the participants very often fail to hold shareholders' and directors' meetings and to distinguish between the two; they neglect to keep books and records or to keep them properly; they fail to maintain a separate bank account for the corporation, and they often do business by resolution and do not go through the procedure of authorizing expenditures such as salaries. See O'Neal, Close Corporations, §§ 1.07 and 8.02 (1971 Ed.) The consequences of such corporate behavior may result in a loss of limited liability and render the participants personally liable for the obligations of the corporation. They will not here, we believe, result in a disregard of the corporate personality for the benefit of its minority

shareholder. See 1 Fletcher, Cyc. Corp. (Perm. Ed.) § 41-47, and Horowitz, Disregarding the Entity of Private Corporations, 14 Wash. L. Rev. 285 (1939). In any event, the manner best suited to work out the rights of the parties in a case of this kind is to preserve the fiction of the corporate entity and to allow for corporate recovery through the derivative action; or, as the case may be, to allow for the realization of the equity interests of the minority shareholder in the corporate properties by way of a liquidation claim as that contained in Count 2 of the complaint.

We hold, therefore, that no claim for personal judgment against Pickett and the two corporations may be maintained under Count 1 of the complaint. It was not error, however, for the trial court to deny the motion for summary judgment as to the claim for derivative recovery on behalf of the corporations.

2. The central issue of this appeal is whether Paine is estopped to maintain a derivative claim on behalf of the corporations or a claim for dissolution because from the evidence there is no material issue of fact with respect to his participation in and ratification of the fraudulent acts complained of. It is a general rule of law that shareholders in a corporation who participate in the performance of an act, or who acquiesce and ratify the same, are estopped to complain thereof in equity. *Bloodworth v. Bloodworth,* 225 Ga. 379 (169 SE2d 150) (1969). This applies to derivative shareholder claims as well as direct actions against corporations. See Diamond v. Diamond, 307 N. Y. 263 (120 NE2d 819) (1954), Johnson v. King-Richardson Co., 36 F2d 675 (1st Cir. 1930), Ballantine, Corporations § 151 (Rev. Ed. 1946) and 13 Fletcher, Cyc. Corp. § 5862 (Rev. Ed. 1970). In the present case, the Glenridge Drive or Fitts property was alleged to have been purchased by Pickett individually with corporate funds received from a loan agreement with Wachovia Realty

Investments. It was further alleged that part of the proceeds of the loan was used by Pickett to satisfy personal mortgage obligations on such property of Pickett as was to be applied as security for the loan to Pico. The loan agreement itself was for $6,500,000 between Wachovia as lender and Pico, Inc. as borrower. The property used to secure the loan to Pico was that of Pickett, that of the corporation Pico, and that of the corporation Calero. Under the terms of the agreement as it was originally written there was a provision for an additional advancement of principal in the amount of $1,000,000. Such advancement would be made to Pico upon the corporation's successfully obtaining title to the Glenridge Drive or Fitts property and applying it as additional security for the loan. The evidence indicates that primarily for tax purposes Pickett decided he would obtain the property in his own name, and in order to do this and to apply the property as security for the additional advancement, it was proposed that the Wachovia loan agreement be modified. The modification was accomplished by formal agreement which Paine signed as a party and which provided that Pickett instead of Pico would acquire the property. The evidence as brought out on the motion for summary judgment further indicates that this was afterward done, that the property was obtained by Pickett with funds of the corporation, that it was placed in his own name, that it was applied as additional security for the Wachovia loan, and that the subsequent advancement was made to the corporation Pico.

The appellants have argued that because Paine participated in the closing of the Wachovia loan and was aware that part of the funds from the loan, as provided in the disbursement order, would be used to pay off mortgages on the property of Pickett, and because he signed the modification agreement, this

constituted acquiescence and ratification of the alleged acts of fraud complained of. It has further been argued that Paine personally benefited from the loan agreement by receiving certain funds believed to have been taken from the proceeds and given him by Pickett and that this is further evidence of his participation in and consent to the alleged acts of fraud.

We would agree that Paine in taking part in the Wachovia loan agreement and in having a knowledge of the order of disbursement under it may be said to be estopped to complain of the act of fraud as alleged with regard to Pickett's use of the proceeds to satisfy his personal obligations, the mortgages on his property. We do not believe, however, that this along with his agreement to the modification proposal in any way establishes that he has acquiesced in Pickett's use of corporation assets to obtain the Glenridge Drive or Fitts property in his own name. The modification agreement provided only that Pickett should obtain the property individually and that he should apply it as security for future advancements to the corporation Pico. This is not in itself sufficient to establish consent to such use of corporate funds and does not estop Paine from complaining of it on behalf of corporations in which he holds a minority interest.

We need not treat further the argument of the appellants before the court with regard to estoppel. Whether other actions of Paine indicate that he knowingly consented to the alleged use of corporate assets does not appear from the evidence and remains a triable issue for resolution below. There was no error committed by the trial court on this ground as to any of the pertinent counts of the complaint.

3. In Count 3 of the complaint there is sought a declaration of interest in and partitioning of certain properties otherwise unrelated to the assets of the corporations Pico and Calero but alleged to have been

obtained by Pickett on his own behalf with Paine's assistance. The claim is based upon alleged oral agreements between Pickett and Paine by which Paine would be given an interest in the properties upon their acquisition and development. The appellants have argued before the court that from the pleadings and evidence before the trial court on the motion for summary judgment the terms of such agreements are too vague and indefinite to support a claim for relief and that, further, the pleadings and evidence are insufficient to remove the agreements from the strictures of the Statute of Frauds.

For a court of equity to grant relief in cases of oral contracts involving interests in land, there must be shown the specific parties to the contract, an adequate description of the terms, and the nature of its consideration, Code § 20-107 (cp. *Bagwell-Hughes, Inc. v. McConnell,* 224 Ga. 659 (164 SE2d 229) (1968), and *Green v. Zaring,* 222 Ga.195 (149 SE2d 115) (1966)), and to remove the oral contract from the Statute of Frauds, there must further be shown that the complaining party has executed or partly performed the terms of the contract. Code § 20-402. See also Code § 37-802 with annotations. Under the allegations of the complaint and the evidence before the trial court, we believe this test has been met and that upon proper proof the remedy of specific performance may be decreed. The parties were identified as Pickett and Paine, the terms set out as 10-percent interest in certain described properties, and the consideration alleged as including Paine's initial detriment in severing his employment ties in New York and moving to Atlanta, together with specific services rendered for Pickett in the acquisition and development of the properties. These latter allegations also remove the oral contracts from the Statute of Frauds. In addition, the evidence before the trial court did not unequivocally contradict any of the

material elements of the claim: Paine testified in support of each of the allegations of fact and Pickett, though admitting generally to the existence of such agreements, denied their existence with regard to the specific properties Paine claimed an interest in. In view of this, from the pleadings and evidence with regard to Count 3, an adequate basis for relief has been made out, and under it there appear material issues of fact to warrant submission for trial and jury determination. It was not error to overrule the appellant Pickett's motion for summary judgment with regard to the claim, and it was also not error to overrule the motions of the corporations Pico and Calero because no relief was prayed for against them under it.

4. Further issues before the court may be disposed of summarily.

(a) The appellants contend that Wachovia Realty Investments is an indispensable party to this suit under Rule 19 of the Civil Practice Act. Such a contention, even if sound, would not be grounds for summary judgment which is a decision on the merits. The proper procedure would be to give the plaintiff an opportunity to join and to dismiss upon failure to do so. But we do not see that Wachovia is an indispensable party to this action. There are two essential tests of an indispensable party: (1) can relief be afforded the plaintiff without the presence of the other party? (2) can the case be decided on its merits without prejudicing the rights of the other party? Both of these tests applied in this case indicate that Wachovia is not an indispensable party. Wachovia could not be harmed as a result of corporate recovery under the plaintiff's derivative claim and even if liquidation of the corporation were authorized, it still retains a first lien on the property securing the loan to Pico and would otherwise have preferred creditor status over the claims of the minority

shareholder to the assets of the corporations. Code Ann. § 22-1318.

(b) In a like manner appellants have raised issues involving the sufficiency of the pleadings under Counts 1 and 2 of the complaint. Error has been enumerated with regard to the particularity of the allegations of fraud under both counts, and with regard to the particularity of the allegation as to shareholder demand on the corporations under Count 1, such being a pleading requisite for derivative shareholder actions under the Georgia Business Corporation Act. Code Ann. § 22-615 (b). These are also matters not proper for review on a motion for summary judgment where the allegations of the complaint are considered well-pleaded and the single issue before the court is whether on the merits the moving party in the position of a defendant has carried its burden of showing that as a matter of law the party in the position of a plaintiff is not entitled to relief because one essential element under any theory of recovery is lacking and incapable of proof. See *Waldrep v. Goodwin,* 230 Ga. 1 (195 SE2d 432) (1973). Summary judgment being a decision on the merits, we need not treat these enumerations of error.

(c) Finally, the appellants have raised issues with regard to the sufficiency of the allegations and evidence to support a claim under Count 2 of the complaint and the sufficiency of the allegations, if proved, to authorize the relief of liquidation of the corporations as prayed for under the Georgia Business Corporation Act, Code Ann. § 22-1317. The question of the legal standard or minimum evidentiary basis for dissolution of corporations under the Georgia Business Corporation Act is one of first impression for this court and is, we believe, premature for decision at this time. The plaintiff has properly stated a claim for liquidation under Code Ann. § 22-1317 (a) (1) (B) and (D) due to the misapplication and waste of corporate assets, and the

movant for summary judgment has not pierced such pleading and shown by proper evidence an essential element of recovery is lacking and incapable of proof. Whether the material allegations of the claim may be proved at the trial, and whether they may be sufficient to authorize liquidation in the present case, are matters we need not speculate upon at this time but leave for further development in the court below.

5. The order of the trial court overruling the appellant's motion for summary judgment, except with regard to the claim for personal judgment under Count 1 of the complaint, will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED JUNE 21, 1973 — REHEARING DENIED JULY 12, 1973.

*Arnall, Golden & Gregory, Ellis Arnall, Cleburne E. Gregory, Jr.,* for appellants.

*Powell, Goldstein, Frazer & Murphy, Robert W. Patrick, Jerry B. Blackstock, Robert M. Travis,* for appellee.