## 31145. RUSSELL et al. v. RUSSELL et al.

GUNTER, Justice.

This appeal results from a contest over the proceeds of an insurance policy. The insurer paid the proceeds into the registry of the court, and the contest was between the respective claimants.

The insured and his former wife were divorced, and shortly after the divorce, the insured removed his former wife as beneficiary of the policy in question and designated his parents, the appellants here, as beneficiaries of the policy. The insured died, and two children and his former wife as next friend of three children, the appellees here, brought an action against the deceased insured's parents. This action contended that the parents, the named beneficiaries in the policy, held the policy proceeds for the benefit of the children.

After a jury trial, the jury returned the following verdict: "We the jury find in favor of the plaintiffs and find a constructive trust for the amount of $17,542, the proceeds of the insurance policy, in favor of the plaintiff's natural and adopted children of Richard A. Russell." Judgment was entered pursuant to this verdict, and the parents have appealed.

Two errors are enumerated, but they in essence boil down to one: The trial court committed error in permitting into evidence testimony of the insured's former wife as to conversations with the deceased that related to the changing of the beneficiary of the insurance policy.

The appellants' contention is that the former wife's testimony was inadmissible and could not be considered by the jury because of our Dead Man's Statute, Code Ann. § 38-1603.

This contention has no merit, because appellants' counsel elicited the following testimony from the former wife during the trial of the case before the jury: Q. Would you explain to the jury how they enticed your former husband? A. They told him that since he was divorced from me that they saw no reason for him to leave his insurance beneficiary to me, and at this time he was a little vindictive because he really didn't know whether he wanted a divorce or not. They told him to put it in their

names and they would see that the proceeds would go to the children if anything should happen. Q. This was specifically said in the presence of both Mr. and Mrs. Russell? A. Yes, it was.

Furthermore, the former wife was not a party to the action except as next friend of three minor plaintiffs, and she could acquire no monetary interest herself in the proceeds of the insurance policy.

We find no error.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

Submitted May 12, 1976 — Decided September 29, 1976.

*Carter A. Setliff,* for appellant.

*Moore, Morris & Duncan, Charles E. Moore, Bruce D. Duncan,* for appellees.