## 58779. COWART v. WEBSTER.

BANKE, Judge.

The plaintiff filed this negligence action on behalf of her ward, Tony Curtis Morgan, who was severely injured when he fell or jumped from the back of a truck driven by the defendant. Morgan was in the custody of the Youth Development Center at Milledgeville at the time of the incident, having been committed there for beating his mother. The defendant driver was an employee of that agency. The plaintiff appeals from the denial of her motion for new trial following a jury verdict in favor of the defendant. *Held:*

1. The trial court did not commit error in his questioning of a witness concerning the nature of the offense for which Morgan had been committed to the Youth Development Center. Both counsel had previously questioned the witness on this point, and an extensive description of the beating was already before the jury without objection. Furthermore, although plaintiff's counsel moved for a mistrial in response to the judge's questioning, he did not renew his request after corrective instructions were given. Accordingly, the denial of the motion for mistrial may not now be enumerated as error. See *State Hwy. Dept. v. Edmunds,* 113 Ga. App. 550 (1) (149 SE2d 182) (1966).

2. The plaintiff contends that it was improper to admit the testimony of one of the defendant's fellow employees who stated that Morgan had told him prior to the accident that he (Morgan) planned to escape from the custody of the Youth Development Center. Due to injuries sustained in the fall, Morgan was subsequently declared mentally incompetent and was not available for cross examination at trial.

Code Ann. § 38-1603 (1) provides, in pertinent part: "Where any suit shall be instituted or defended by a person insane at the time of trial . . . the opposite party shall not be admitted to testify in his own favor against the insane . . . person as to transactions or communications with such insane . . . person . . ." This section is to be strictly construed. *Sumter Co. v. Pritchett,* 125 Ga. App. 222 (1) (186 SE2d 798) (1971). Assuming

arguendo that Morgan was insane at the time of trial, the statute clearly did not require the exclusion of the witness' testimony, since the witness was not a party to the suit, nor was he shown to have a personal stake in the outcome. Cf. *Russell v. Russell*, 237 Ga. 634, 635 (229 SE2d 443) (1976). The case of *Brooks v. Brooks*, 185 Ga. 549 (195 SE 869) (1938), cited by the plaintiff, dealt with a witness who was a party to the litigation with a monetary interest in the outcome. It did not dispense with the "opposite party" requirement, but merely modified it slightly to include all parties with adverse interests. The fact that both the witness and the defendant were employed by the state clearly did not render the witness incompetent to testify under the statute. Therefore, the court did not err in admitting his testimony.

3. The final enumeration of error concerns the admission of testimony by a physical therapist who talked to Morgan *after* the accident. Again, the witness was not a party to the litigation, and thus her competency to testify was not affected by Code Ann. § 38-1603 (1), supra. Morgan's impaired mental condition at the time he made the statement is a matter going to its weight, not its admissibility. See generally *Hobbs v. New England Ins. Co.*, 212 Ga. 513 (6), 519 (93 SE2d 653) (1956); *Cuesta v. Goldsmith*, 1 Ga. App. 48 (3) (57 SE 983) (1907). This enumeration of error is also without merit.

4. As further ground for the affirmance of the judgment of the trial court, we note that none of the plaintiff's enumerations of error and none of the arguments in support thereof contain citations to the transcript. Each enumeration concerns an evidentiary ruling, and thus each requires a citation to the transcript for its consideration. In this situation, the absence of specific page references, required by Rule 15 (c) (3) (ii) of this court, is tantamount to an abandonment of the enumeration of error. See *Crider v. State*, 115 Ga. App. 347 (1) (154 SE2d 743) (1967); *Bode v. Northeast Realty Co.*, 117 Ga. App. 226 (1) (160 SE2d 228) (1968). The recent Supreme Court case of *Justice v. Dunbar*, 244 Ga. 415 (1979), is not authority to the contrary. That case involved a failure to cite the location of an affidavit in the record, an affidavit which was indexed in the record by

page number.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED OCTOBER 30, 1979 — DECIDED NOVEMBER 26, 1979.

*Jeffrey L. Arnold, Billy N. Jones,* for appellant.
*Joseph H. Davis,* for appellee.