### 61705. KIRBY v. FEDERAL MUTUAL IMPLEMENT & HARDWARE INSURANCE COMPANY.

MCMURRAY, Presiding Judge.
Richard R. Kirby was an employee of Federal Mutual Implement and Hardware Insurance Company, now known as Federated Mutual Insurance Company, for a period of approximately 14 years and one day of continuous employment until his termination on May 14, 1971. As such employee he was a participant in the Federated Mutual Retirement Plan, first known as the "Metropolitan," and subsequently as the "Federated Mutual." He was 47 years of age at the time of his termination. At the time of his termination he had paid contributions to the plan of $3,904.02. He contends he was entitled to 7% interest on this fund as provided by

law ($6,307.26) which the employer refused to pay him, as well as both his and the employer's contributions to the retirement fund which had vested in him.

Whereupon, Kirby, as plaintiff, brought an action against Federated Mutual Implement and Hardware Insurance Company, as defendant. Plaintiff sought alternatively the sum constituting the combined contributions he made and those his employer made or for the amount of plaintiff's contributions of $3,904.02 "plus interest . . . of . . . ($6307.26) . . . for a total amount of plaintiff's contributions and accrued interest of . . . ($10,211.28) . . . ."

The defendant answered in general denying the claim but admitting in general the facts shown above with reference to the retirement plan and that the plaintiff was entitled only to his own contributions to the plan without interest in the sum of $3,904.02, but that he had refused to accept it and has continued to refuse to accept same, thereby waiving further tender of this sum. This amount was paid into the registry of the court.

Defendant moved for summary judgment based upon the affidavit of its office and personnel manager of the southern division of the company who, as the custodian of the personnel records of the southern division employees, set forth by affidavit the personnel records of the plaintiff showing he had a total period of 14 years and one day with the company until his employment was terminated, at which time he was 47 years of age, as shown by the birthdate in the records. Attached to the affidavit was the Federated Mutual Retirement Plan which set forth the plan in detail. Article 9 thereof sets forth that if an employee is terminated before he completes 15 years of continuous service and before he has reached his 55th birthday, he would only be entitled to "his contributions (without interest) . . . [to be] . . . paid to him in a lump sum and thereafter his further participation in and his rights and the rights of his beneficiary under the plan shall immediately cease and terminate."

In response to defendant's motion for summary judgment plaintiff set forth his objections and interpretation of the defendant's claim as to the retirement plan and attached an affidavit contending he did not have any choice about the money deducted from his salary and his contributions to the retirement plan and that he did not agree at any time for the company to take his money and use it without payment of interest or earnings on the money accruing to him; that the defendant had refused and continued to refuse to return his contributions unless and until he signed an agreement terminating all his rights under the plan including the right to interest "and/or earnings on his contributions"; that the defendant at no time mailed nor attempted to deliver to him repayment of his contributions and

that he had been forced to file this action to obtain his money. He contends that the least he would be entitled to would be repayment of his contributions with legal interest, "or a vested interest in the retirement plan of his and the company's contributions."

The record contains an exhibit designated as "Plf. Exh. 'A',," styled Federated Mutual Retirement Plan (United States) Certificate which sets forth under "9. Vesting.," that all of the employee's contributions to the plan are fully vested in him "as of the date the contribution is made," but that the company's contributions to the plan are vested in the employee only if the employee has completed 15 years or more of continuous service with the company and is 45 years of age or more. Under "6. Termination of Employment.," if employment is terminated before the employee has completed 15 years of continuous service and before he has reached his 45th birthday "his entire contribution (without interest) shall be paid to him in a lump sum and his participation in the plan shall immediately cease."

The plaintiff also moved for summary judgment. The trial court, after consideration of both motions, the various and sundry letters, affidavits, and copies of the pension plan, found that the plaintiff was only entitled to recover his own contributions "in the sum of $3,904.02, which amount has been paid into Court by the defendant," and that no genuine issue as to any material fact remains and the defendant is entitled to judgment as a matter of law. The court ordered that the clerk pay to the plaintiff the sum of $3,904.02 deposited with the clerk by the defendant and dismissed the complaint with costs taxed upon the defendant. Plaintiff appeals. *Held:*

1. A motion to dismiss has been filed by the defendant. It is based upon a late filing of the enumerations of error, brief and service of same upon the opposing party. Under Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986) and the liberal view adopted by this court in Rule 27(a) (Code Ann. § 24-3627) and in Rule 14 (Code Ann. § 24-3614), the late filing and service does not require a dismissal. Further, since the enumerations of error and brief were filed on the 21st day before the issuance of any order requiring the filing within 5 days or else dismissed, same is not required nor demanded.

Only nonaction following failure to comply with an order directing the filing of same authorizes a dismissal. See *Price v. Smoot,* 144 Ga. App. 840 (242 SE2d 761); *Apex Supply Co. v. Johnny Long Homes,* 143 Ga. App. 699 (240 SE2d 171); *Shepherd v. Shepherd,* 234 Ga. 708 (217 SE2d 286). The motion to dismiss is denied.

2. Under all the admitted facts and circumstances of this case as shown above plaintiff was only entitled under the retirement plan to his contributions thereunder which had fully vested in him and he was not entitled to the funds contributed by the defendant until he had qualified under the plan for retirement benefits. His termination occurred prior thereto. The trial court did not err in granting summary judgment in favor of the defendant.

While the plaintiff also contended he was entitled to credit for military service, it is clearly shown that his military service occurred prior to the time he became employed by the defendant, and the plan merely provided that the participant must be granted a military leave of absence by the company in order to receive any military credit. Under all the facts and circumstances, plaintiff was only entitled to his own contributions to the plan, without interest, amounting to only $3,904.02, which the trial court ordered paid to him after same had been paid into the registry of the court. See *Brown v. J. C. Penney Co.,* 123 Ga. App. 233, 234 (180 SE2d 364), and cases cited therein, holding that where the evidence introduced on summary judgment motion pierces the pleadings and discloses the absence of the right of recovery, the grant of summary judgment is proper.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MAY 7, 1981 —
REHEARING DENIED JUNE 17, 1981 

Richard R. Kirby, *pro se.*
*James Hamilton,* for appellee.