64578. COE et al. v. GREENVILLE CREDIT & INVESTMENT COMPANY et al.

Sognier, Judge.

J. P. and Kathleen Coe sued Greenville Credit & Investment Co., ABC Credit & Investment Co., and J. D. Latzak, president of both companies, for damages and equitable relief in connection with a number of loans they alleged were fraudulent or usurious. The Coes sought, inter alia, the cancellation of record of any security interest held by the defendants in any property owned by the Coes. Greenville Credit and ABC Credit filed a motion to dismiss for failure to join a necessary and indispensable party. After consideration of the motion, the trial court found that deeds to secure debt and notes executed by the Coes in favor of Greenville Credit and ABC Credit were assigned to International Rediscount Corporation and then to Commercial Credit Business Loans, Inc., the present holder. The trial court held that Commercial Credit is an indispensable party and granted the motion to dismiss. The Coes appeal.

1. Appellees Greenville Credit and ABC Credit have filed a motion to dismiss appellants' appeal based on three grounds.

(a) Appellees first contend that the appeal should be dismissed because this court lacks jurisdiction, since appellants seek primarily equitable relief. This contention is without merit. The equitable relief prayed for by appellants is not in issue on this appeal, and the enumeration of errors raises no equitable issues. The only issue on appeal is a question of law over which this court has jurisdiction. *Johnson v. Mutual Federal Savings &c. Assn. of Atlanta,* 225 Ga. 245 (167 SE2d 653) (1969). See also *Pace Constr. Corp. v. Houdaille Indus., Inc.,* 245 Ga. 696, 697 (266 SE2d 504) (1980); *Kingsbury v. Exxon Co., U. S. A.,* 234 Ga. 144 (215 SE2d 1) (1975); *Bonny Corp. v. McCarthy,* 227 Ga. 460, 461 (181 SE2d 370) (1971); *D. Davis & Co. & Rogers Constr. Co. v. Plunkett,* 224 Ga. 357 (162 SE2d 387) (1968). Further, even if the case was one over which the Supreme Court had

exclusive jurisdiction, transfer to that court, rather than dismissal, would be the proper course. See Code Ann. §§ 2-3104; 24-3621; Rule 21[b].

(b, c) Appellees next urge as grounds for dismissal the appellants' failure to include in their enumeration of errors reference to the record and a statement of jurisdiction. Appellants have corrected both omissions by an amended enumeration of errors. No basis for dismissal would exist in either the failure of these appellants to include references to the record in the enumeration of errors (cf. *Kirby v. Federal Mut. &c. Ins. Co.,* 158 Ga. App. 778, 780 (1) (282 SE2d 139) (1981); *Hull v. Campbell,* 130 Ga. App. 637 (204 SE2d 312) (1974)) or a jurisdictional statement *(O'Kelley v. Hayes,* 132 Ga. App. 134 (1) (a) (207 SE2d 641) (1974)). *Cowart v. Webster,* 152 Ga. App. 542 (263 SE2d 277) (1979), relied upon by appellees to urge dismissal for failure to cite to the record in the enumeration of errors is inapposite here. In that case, enumerations pertained to evidentiary rulings which required citation to the transcript, and the omissions were treated as abandonment of the errors enumerated. Appellees' motion to dismiss the appeal is denied.

2. Appellants contend that the trial court erred in holding that International Rediscount Corporation (International) and Commercial Credit Business Loans, Inc. (Commercial Credit) are necessary and indispensable parties to the action. We do not agree. We first note that the trial court's order dismissing the action provided that Commercial Credit *only* is an indispensable party, rather than both International and Commercial Credit, as suggested by appellants' enumeration.

A party is indispensable if a case cannot be decided on its merits without prejudicing the rights of that party. *Pickett v. Paine,* 230 Ga. 786, 796 (4) (a) (199 SE2d 223) (1973). The question is not whether relief has been requested against the other party but rather, whether "he [the other party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest. . . ." Code Ann. § 81A-119 (a) (2). If the relief sought by appellants was granted, the deeds to secure debt held by Commercial Credit would be cancelled. As assignee and holder of the security interests, Commercial Credit must be made a party. Further, although the trial court did not so name International, it is also an indispensable party. As an assignee and subsequent assignor of the security interests, it has a direct interest in whether the deeds to secure debt are declared invalid. See *Camp v. King,* 193 Ga. 3 (17 SE2d 65) (1941); *Warren County Fertilizer Co. v. Reese,* 156 Ga. 824 (2) (120 SE 534) (1923); *Ashley v. Cook,* 128 Ga. 836, 840 (58 SE 640)

(1907); 3A Moore's Federal Practice ¶19.09 [5], [6], p. 19-206. See also *Assurance Co. of America v. Southeastern Brick Co.,* 222 Ga. 638, 640 (151 SE2d 708) (1966); *Burgess v. Simmons,* 207 Ga. 291 (3), 301 (61 SE2d 410) (1950); *Fordham v. Duggan,* 147 Ga. 610 (2) (95 SE 3) (1918); *Zeigler v. Arnett,* 142 Ga. 487 (83 SE 112) (1914); *Taylor v. Colley,* 138 Ga. 41 (1) (74 SE 694) (1912).

Appellants do not dispute the fact that International and Commercial Credit are subject to the jurisdiction and venue of the trial court. Since the relief sought by appellants might impair the interests of both International and Commercial Credit, they are indispensable parties to this action. The trial court did not err in its holding as to Commercial Credit, but should have included International as well. See *Flinn v. Flynn,* 210 Ga. 280, 281 (1) (79 SE2d 534) (1954); *Parnell v. Wooten,* 202 Ga. 443, 448 (43 SE2d 673) (1947). The possibility of prejudice to International and Commercial Credit is not eliminated by appellants' limiting their request to one for cancellation of security interests held by defendants Greenville Credit and ABC Credit, since cancellation of their security interests would necessarily render collateral assigned to International and Commercial Credit invalid.

3. Appellants next contend that the trial court erred by granting appellees' motion to dismiss for failure to join a party under the provisions of CPA § 19 (Code Ann. § 81A-119). Under the circumstances presented here, we agree.

The trial court found that appellants had failed to join Commercial Credit during the six months after appellees filed their motion. However, appellants were entitled to a reasonable opportunity to join the indispensable party *after* the trial court made its determination that the party was indispensable. See *Frady v. Irvin,* 245 Ga. 307, 312 (264 SE2d 866) (1980); *Pickett,* 230 Ga. at 796, supra.; Davis & Shulman, Georgia Practice and Procedure, § 4-16, p. 51 (1981 Supp.) (4th ed.). Therefore, the trial court erred in granting appellees' motion to dismiss for failure to join Commercial Credit as an indispensable party in the same order in which it adjudicated Commercial Credit to be indispensable. *Frady,* 245 Ga. at 312, supra. "Rather, '[t]he proper procedure (is) to give the plaintiff an opportunity to join and to dismiss upon failure to do so.' " *Frady,* 245 Ga. at 312, supra., quoting *Pickett,* 230 Ga. at 796, supra.

Accordingly, the trial court's order of dismissal against appellants is reversed and the case is remanded with instructions that the trial court enter an order allowing appellants a reasonable time in which to move to join the parties determined herein to be indispensable, or to face dismissal. See *Henry v. Moister,* 155 Ga. App. 462, 463 (271 SE2d 40) (1980).

*Judgment affirmed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion. Deen, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 23, 1982.

*Alfred F. Zachry,* for appellants.
*Joseph J. Anthony, Jay E. Loeb,* for appellees.