### 67971. NOCAM REPMUB, INC. v. FREEMAN.

McMURRAY, Chief Judge.

This case involves an action on a promissory note which the plaintiff Paul L. Freeman contends was made by Bumper Distributors of Atlanta, Inc. to him with reference to the sale and purchase of business equipment wherein title was to remain in Freeman until the note and expenses of collection are fully paid and discharged.

Nocam Repmub, Inc., the defendant, had accepted the assignment of this note and assumed the obligation of Bumper Distributors of Atlanta, Inc. under the note. The defendant contends that the note was made payable to Paul's Auto Paint, Inc. and it made installment

payments to Paul's Auto Paint, Inc., admitting that it was indebted not to Paul L. Freeman, the plaintiff herein, but to Paul's Auto Paint, Inc. It also sought to set off the amount of a judgment in favor of the defendant against Paul's Auto Paint, Inc., and admitted that it was indebted to Paul's Auto Paint, Inc. for a sum which it had tendered and which tender was refused. By "counterclaim" it added that the plaintiff Paul L. Freeman, without authority or agreement, materially altered the promissory note between the defendant's assignor, Bumper Distributors of Atlanta, Inc., by substituting his name as the payee of the note. It sought actual and punitive damages and attorney fees by reason of the plaintiff's wilful misrepresentation and fraudulent act in altering the said note. By amendment it struck part of its answer as to the indebtedness to Paul's Auto Paint, Inc., and sought to set forth that Lonnie R. Johnson had entered into an agreement to assume and pay the remaining indebtedness due on the contract between Bumper Distributors of Atlanta, Inc. and Paul's Auto Paint, Inc. shown in Exhibit "A" to the pleadings. It denied that it had entered into the transaction with Bumper Distributors of Atlanta, Inc. whereby it had accepted the assignment of said note and assumed the obligations of the maker of that note.

Defendant moved for summary judgment based upon the affidavit of one Lonnie R. Johnson that he in his individual capacity had entered into a specific agreement whereby the assets of Paul's Auto Paint, Inc., which had been previously purchased by Bumper Distributors of Atlanta, Inc., were to be transferred to him and that in conjunction therewith he assumed the existing indebtedness from Bumper Distributors of Atlanta, Inc. to Paul's Auto Paint, Inc. and that he had never accepted the assignment of or assumed any indebtedness of any party to Paul L. Freeman.

In opposition to the motion for summary judgment plaintiff offered his affidavit that after the execution of the promissory note to him he had never been advised or received any indication that Lonnie Johnson had assumed personal responsibility for the note until the defendant filed its motion for summary judgment and he had received 80 installment payments under said promissory note all of which were by check or draft from the defendant or another corporation and none were from Lonnie Johnson personally. The plaintiff's certified public accountant by affidavit testified with reference to the various accounting he had performed for Paul L. Freeman and his wife and attached income tax returns as exhibits.

After further discovery defendant's motion for summary judgment was denied, and the case proceeded to trial. During the trial defendant dismissed its "counterclaim" for fraud brought against the plaintiff for altering this note. The jury returned its verdict in favor of the plaintiff for the principal sum of $25,748, plus interest and at-

torney fees, and the judgment followed the verdict. Defendant's motion for new trial based on the general grounds was denied, and it appeals. *Held*:

1. Defendant's first enumeration of error is that the trial court erred in denying its motion for summary judgment in that as a matter of law it was entitled to judgment. A trial having been held, we will review this enumeration of error only if the evidence demanded a verdict in favor of the defendant. Defendant also enumerated error as to the general grounds of its motion for new trial and the trial court's denial of defendant's motion for directed verdict in regard to a set off, that is, the verdict of the jury was contrary to law, contrary to the weight of the evidence and strongly against the weight of the evidence. We find no merit in this complaint in that there was considerable controversial evidence with reference to the making of the note in question, and there was evidence presented by the plaintiff that he was the holder of the note made in his favor, albeit an examination of same discloses that the name Paul's Auto Paint, Inc. was stricken and plaintiff's name inserted therein. Where an alteration is made in an instrument it is presumed to have been made prior to signing unless there is a contrary showing or denial by the parties. See *Overcash v. First Nat. Bank of Atlanta*, 115 Ga. App. 499, 503 (155 SE2d 32). There was testimony here reflecting that the name of the payee was made either before or at the closing of the sale within the knowledge of all parties involved in the sale in the making of this note. The evidence supports the finding of the jury that there were monies due and unpaid and we find no merit in defendant's complaints. See *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 170 (2), 172 (9) (299 SE2d 123); *Shaw v. Miller*, 213 Ga. 511, 513 (100 SE2d 179); *Gulf Life Ins. Co. v. McDaniel*, 75 Ga. App. 549, 553 (43 SE2d 784); *Scott v. Imperial Hotel Co.*, 75 Ga. App. 91 (2), 95 (42 SE2d 179). None of these enumerations of error has merit.

2. Examination of the argument portion of defendant's brief shows it failed to follow the various enumerations of error in that the defendant seeks to argue collateral issues such as "standing" of the plaintiff to proceed against the defendant, and defendant's right to a directed verdict; and it simply does not follow the proper procedure required by Rule 15 of this court with reference to the sequence of argument or arguments in the brief in following generally the order of the enumerations of error. However, we have examined the argument and will endeavor to pass on all enumerations of error properly argued therein not covered in the ruling above.

3. The trial court sustained plaintiff's oral motion in limine preventing the defendant from presenting evidence imputing a tax fraud by the plaintiff as having nothing to do with the case and that any evidence as to what the plaintiff reported on his tax return has

nothing to do with the case. Counsel for defendant responded that the testimony as to the fraud would be introduced in order to show motive or a reason to the jury as to why the pen and ink change on the note substituting the plaintiff's name for the corporation was made to support an attempt to report same on the federal income tax form as a sale of a corporation. Counsel further contended this was for the purpose of avoiding a double tax, that is, a tax on the corporation, then the tax to the plaintiff as income from liquidation or dividend and to incorporate unreported income for previous years and that this was a substantial motive that the jury should consider as to why the plaintiff had reason to materially alter the note. The plaintiff argued, however, that in the pleadings the defendant claimed the note was changed to avoid the set off which defendant was contending applies because of a prior judgment and not because of some tax matter. After much discussion, with reference to the oral motion, the trial court ruled same inadmissible, that is, that the promissory note was altered by plaintiff to avoid federal income taxes, and this evidence was not based upon the pleadings. A review of the pleadings fails to disclose that at any point defendant was claiming tax avoidance was the cause of the alleged alteration of the instrument. Rather the pleadings asserted that the purpose of the change was to defeat the attempted set off. Later the defendant dismissed the "counterclaim" in response to the plaintiff's motion for directed verdict on the same, although the set off issue remained. Consequently, since it was not in the pleadings, that is, the alleged fraud as to the federal tax return, the trial court did not err in ruling any such testimony or evidence that an alteration was made for tax purposes was irrelevant and inadmissible in the trial of the case. There is no merit in this complaint.

4. Defendant has enumerated error to a charge to the jury by the court "authorizing the use of parol evidence to change and vary the terms of a contract which the court had previously ruled was 'clear and unambiguous.'" The charge to the jury was with reference to the identity of the payee in the note. This was the instruction to the jury as to the matter in dispute since the corporation, Paul's Auto Paint, Inc., was stricken through by a line and the plaintiff's name Paul L. Freeman, as payee, was substituted. The trial court instructed the jury that there was an ambiguity "in that the parties are in dispute in that the original has been modified without an initial or acknowledgment of the parties, but by some explanation by evidence which you can take in your considerations and your deliberations in that regard," and that the jury was to consider the evidence with regard to this ambiguity and determine who were the true parties in the promissory note itself. The court then instructed the jury that the principal amount of the payment and the terms of the payment were clear and unambiguous and not disputed by the parties. The court then

referred to the subject matter, that is, a consideration of the property conveyed as being clear and unambiguous, consisting of the property listed on the promissory note and described as certain items of personalty, the plaintiff claiming also the sale of the corporation and the stock was also made and the jury was to determine whether that was done or not which was one of the key issues in the case. At the completion of the charge, when given a suitable opportunity to object to same, defendant's counsel contends it was error for the court to instruct the jury it can consider parol testimony of a separate contract with respect to the sale of corporate stock as to the corporation which was not in the pleadings. However, the sum and substance of the objectionable charge, as shown above, has reference to the very crux of the complaint and the answer as to the claimed alteration of the contract. We find no merit in this complaint in that the trial court properly charged the jury with respect to the issue involved in this case. Our examination of the charge fails to disclose that the trial court authorized the jury to consider parol testimony in the construction and interpretation of the terms of the contract other than the alleged alteration, as the defendant contends. This enumeration is not meritorious.

5. Prior to the trial defendant moved to have Paul's Auto Paint, Inc., a Georgia corporation, added as an indispensable party, contending therein that the plaintiff purposely avoided the inclusion of this corporation to avoid the set off of a judgment held by the defendant against Paul's Auto Paint, Inc., citing *S.D.H. Co. v. Stewart*, 135 Ga. App. 505 (218 SE2d 268), as a case in point with respect to the necessity of joining this corporation as a party plaintiff, the trial court having denied the motion. The primary consideration as to whether a party is indispensable is whether any judgment which might be rendered would be adequate in the absence of the parties sought to be enjoined. See *Peoples Bank of LaGrange v. N. Car. Nat. Bank*, 230 Ga. 389 (197 SE2d 352); *Coe v. Greenville Credit &c. Co.*, 164 Ga. App. 521 (298 SE2d 36). Here the jury was adequately charged that it must find that the plaintiff rather than the corporation was the payee before rendering a judgment for the plaintiff. The rights of the corporation (Paul's Auto Paint, Inc.) were in no wise prejudiced because it was not made a party. The trial court did not err in its determination that Paul's Auto Paint, Inc. was not an indispensable party to the action.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1984.

*William F. Ladson, Jr., David M. Baxter, Thomas W. Talbot*, for appellant.

*James M. Wootan,* for appellee.