### A01A1153. HALL v. OLIVER et al.
(553 SE2d 656)

MILLER, Judge.

Bruce and Rita Oliver occupied land next to a landowner (Otis Wayne Hall), who protested their using the dirt road on his property to access their home, particularly since their property fronted on an undisputed public road. The Olivers claimed that the road on Hall's property was also a public road maintained by the county or at least was a prescriptive easement in their favor based on need or their continually using the road for 13 years. Hall sued to enjoin trespass by the Olivers and for damages, and at trial the court dismissed the action without prejudice on the ground that the current owner of the land occupied by the Olivers — Lorethia Lynn — was not a party. The questions on appeal are whether the court erred in finding that Lynn was a necessary party to this action and in dismissing the action on this ground. We hold that Lynn was a necessary party but that the court should have first given Hall an opportunity to add her as a party before dismissing the case.

The crux of Hall's 1999 action for trespass against the Olivers was that the road on his land was a private way and that he had revoked any consent to their using it to access their home. Since the Olivers continued to use the road, he sued for damages and an injunction.[1] The Olivers countered that they had authority to use the road, despite Hall's protests, on the grounds that it was built and maintained as a public road or was a prescriptive easement created by need or by their actual usage since 1986. They counterclaimed for trespass by Hall onto their land.

Midway through rebuttal testimony at the October 2000 trial, unimpeached evidence showed that the Olivers no longer owned the land, having transferred it to Lorethia Lynn in March 1997. Finding Lynn to be the real party in interest regarding the counterclaim and an indispensable party regarding the complaint, the court immediately dismissed both the complaint and the counterclaim without prejudice. Hall appeals the dismissal of his complaint, arguing Lynn was unnecessary to the action.

1. Under OCGA § 9-11-19 (a) there are two essential tests for

---

[1] See *Pope v. Pulte Home Corp.*, 246 Ga. App. 120 (1) (539 SE2d 842) (2000).

determining whether a party is necessary[2] to an action.[3] First, can relief be afforded the plaintiff without the presence of the other party? And second, can the case be decided on its merits without prejudicing the rights of the other party? The second question is not whether relief has been requested against the other party, but whether the other party has or claims an interest relating to the subject of the action and is so situated that the disposition of the action in her absence may as a practical matter impair or impede her ability to protect that interest.[4]

Some of the Olivers' defenses to trespass were that by prescriptive easement[5] they had obtained a right to use the road on Hall's land and that the road provided the sole means of access to their home. They also claimed the road was a public road created and maintained by the county that provided access to their home. Lynn as owner of the land occupied by the Olivers clearly has an interest in whether the road provides access to her property. The determination whether the road is a public road or an easement by prescription, in a case involving her predecessors in title and the current occupiers of the land, would impair her ability to protect this method of access to her property, especially since she has owned the property less than seven years and would have to rely on the actions of the Olivers to establish an easement by prescription.[6]

Furthermore, regarding the Olivers' defense that the road provided the only access to the property, a judgment enjoining the Olivers from using the road would affect Lynn's right to lease the land to the Olivers or to someone else wishing to use the road as access and would affect Lynn's own ability to use the road as access. The court did not err in finding that Lynn was a necessary party to the trespass and injunction action against the Olivers.[7]

2. Once a court has determined under OCGA § 9-11-19 (a) that a party is necessary to an action, "[t]he proper procedure would be to give the plaintiff an opportunity to join [the party] and to dismiss

---

[2] For the most part, we avoid using the term "indispensable" in this case, as "[t]he question of whether a party is indispensable . . . should be addressed only after it has been determined that the party is necessary *and* cannot be joined. [Cits.]" *J. M. Huber Corp. v. Ga. Marble Co.*, 239 Ga. App. 271, 277 (3), n. 2 (520 SE2d 296) (1999); see OCGA § 9-11-19 (b).

[3] *Pickett v. Paine*, 230 Ga. 786, 796 (4) (a) (199 SE2d 223) (1973); see *Hall v. Trubey*, 269 Ga. 197, 200 (2) (498 SE2d 258) (1998).

[4] *Coe v. Greenville Credit &c. Co.*, 164 Ga. App. 521, 522 (2) (298 SE2d 36) (1982); see OCGA § 9-11-19 (a) (2).

[5] See OCGA § 44-9-54.

[6] See, e.g., *MacGibbon v. Akins*, 245 Ga. App. 871, 872 (2) (538 SE2d 793) (2000) (court focused on evidence whether current landowner or his predecessors took actions needed to establish easement by prescription); cf. OCGA § 44-9-54 (easement by prescription established over seven years).

[7] See *J. M. Huber Corp.*, supra, 239 Ga. App. at 276-277 (3).

upon failure to do so."[8] Thus, "a court is to allow a reasonable time for an absent [necessary] party to be joined before granting a motion to dismiss for nonjoinder."[9] Indeed, it is reversible error for a trial court to dismiss an action in the same order in which it determines a party to be necessary, as the plaintiff must first be given an opportunity to join the missing party.[10]

Accordingly, the trial court here erred in dismissing the complaint without first affording Hall the opportunity to join Lynn as a party. We therefore reverse the ruling dismissing Hall's complaint and remand the case with instructions that the trial court enter an order allowing Hall a reasonable time in which to move to join Lynn.[11] We do not reverse the ruling dismissing the counterclaim, as such has not been appealed. Our holding renders moot the remaining enumerations of error.

*Judgment reversed and case remanded with instructions. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 8, 2001.

*George E. Argo*, for appellant.
*Glen A. Cheney*, for appellees.

---

[8] *Pickett*, supra, 230 Ga. at 796 (4) (a).
[9] (Citations omitted.) *Hall*, supra, 269 Ga. at 200 (2); see *Zappa v. Automotive Precision Machinery*, 205 Ga. App. 584, 585 (5) (423 SE2d 286) (1992) ("proper remedy for failure to join an indispensable party is not dismissal, . . . but joinder. [Cit.]").
[10] *Coe*, supra, 164 Ga. App. at 523 (3).
[11] See id.