### 32345. DAUGHTREY v. C & D SPORTSWEAR CORPORATION et al.

HILL, Justice.

Verdicts were directed against the plaintiff in her suit for injunction and damages arising from the seepage of surface water onto her land from adjacent land. The plaintiff's evidence showed that defendant's warehouse, 120 by 210 feet with a pitched roof, was built with one side a short distance from the plaintiff's property line. Plaintiff introduced evidence to prove that water from one side of the roof fell into and stood in a wide ditch on defendant's property and caused plaintiff's yard to become "boggy" and unsuitable for raising vegetables. Plaintiff testified that her loss in vegetables amounted to about $3,500. When plaintiff rested, a verdict was directed against her as to damages on the ground that special damages had not been properly proven. After all the evidence was presented, a verdict was directed denying injunctive relief based on the propositions that a person

has a right to use his property as he sees fit, provided it does not interfere with his neighbor's use of her property, and it would be unreasonable to require the defendant to add gutters so that "not a drop of water" will go on his neighbor's property.

"In order for the plaintiff to recover in an action for overflowing his land . . . he is not obliged to prove special damages. If his right has been illegally invaded, he may recover nominal damages for its vindication." *Ellington v. Bennett,* 59 Ga. 286 (1) (1877). The directed verdict as to damages was error.

Injunctive relief to restrain a trespass will be denied where the injury is reparable in damages, Code § 55-104, unless the trespass be continuing *(Martin v. Patillo,* 126 Ga. 436 (3) (55 SE 240) (1906)). Because this case must be retried on the issue of damages, we do not decide whether it was error to deny injunctive relief. However, we set that denial aside so that the case may be retried without hindrance from the earlier directed verdicts.

*Judgment reversed in part and set aside in part. All the Justices concur.*

SUBMITTED MAY 27, 1977 — DECIDED SEPTEMBER 7, 1977.

*Edward Parrish,* for appellant.
*M. Dale English,* for appellees.