### 41211. LANIER v. OCEAN POND FISHING CLUB, INC.
(322 SE2d 494)

GREGORY, Justice.

This is an action to enjoin a trespass brought by appellee, the Ocean Pond Fishing Club, Inc. against appellant, James Lanier. Ocean Pond Fishing Club, Inc. is a private fishing club composed of approximately ninety-nine shareholders. Between 1902 and 1914 the club, by virtue of a series of warranty deeds, purchased almost all of the land in and around Ocean Pond, a natural lake of approximately 880 acres in Lowndes County. Throughout the years, the club has maintained the lands and waters of Ocean Pond for the exclusive use of its members and guests. The club goes to considerable expense to preserve the pond and its surroundings including, among other things, the harvesting of nongame fish, fertilization and the employment of a full time game warden. In 1977 the appellant purchased a lot on Ocean Pond. Appellant's lot extends approximately one-fourth acre below the high water mark of Ocean Pond. Two individuals other than appellant own property which extends below the high water mark of the pond. For five years repeatedly appellant boated and fished in the waters of the pond above land owned by appellee. When club officials requested that he refrain from doing so, appellant responded that he claimed the right to do so and intended to continue unless enjoined.

The trial court found that appellee has good record fee simple title to the land and waters designated as the property of Ocean Pond Fishing Club, Inc. on a certain plat prepared in 1974. The court further found that even if appellee did not have good record title, legal title had been established by prescription and by acquiescence in the boundary lines established by the 1974 plat. The trial court permanently enjoined appellant from fishing, swimming, boating or otherwise going upon the lands and waters of appellee. (The injunction, of course, did not preclude appellant from fishing, swimming, boating or otherwise using that portion of the pond above the property owned by him as depicted on the 1974 plat.) From this order appellant brings this appeal. We affirm.

1. In his first enumeration of error appellant contends the trial court erred in finding appellee has sufficient legal title or possession

of the pond to maintain an action to enjoin a trespass. Appellant argues the warranty deeds in appellee's chain of title contain vague and indefinite descriptions and no evidence was introduced at trial to locate these descriptions.

At trial William Branch, a registered surveyor with over 30 years experience, testified that in 1974 he took the deeds in appellee's chain of title which were admitted in evidence before the judge and was able to locate, mark and establish a boundary line which was agreed upon by all adjacent landowners, including appellant's predecessor in title. This was the same land around and under the lake as depicted on the 1974 plat. Two title attorneys, both members of the State Bar of Georgia testified. One was of the opinion that appellee had good legal title to the lands claimed by it and the other testified he would be unable to certify title because of what he considered to be vagueness of the descriptions in the deeds. We need not reach the questions of prescription or acquiescence as there is evidence to support the trial court's finding that appellee has good record title. We find no merit in this enumeration of error.

2. In his second enumeration of error appellant contends the trial court erred in enjoining him from boating, fishing, or otherwise going upon land and waters of appellee. Appellant argues that as the owner of property adjoining a natural lake he has rights of reasonable boating, fishing and swimming over the entire surface waters so long as he does not interfere with the similar rights of other adjoining landowners. This is the civil law rule. See 57 ALR2d 569, 592 (1958). But Georgia follows the common law rule. The common law rule is that the owner of a bed of a nonnavigable lake has the exclusive right to the use of the surface of the waters above and may exclude other bed owners and fence off his portion. *State Hwy. Department v. Noble,* 114 Ga. App. 3, 8 (150 SE2d 174) (1966). The owner of a nonnavigable lake also has exclusive boating rights and one who puts his boat in the lake of another without permission is a trespasser. *Bosworth v. Nelson,* 172 Ga. 612 (158 SE 306) (1931). A continuing trespass may be enjoined in equity. *Daughtrey v. C & D Sportswear Corp.,* 239 Ga. 482 (238 SE2d 37) (1977).

The appellant contends the relative rights of the parties to this appeal are controlled by our recent decision in *Stewart v. Bridges,* 249 Ga. 626 (292 SE2d 702) (1982), but we find that case inapposite to the issue here. It did not involve trespass, but involved water rights, that is, the right to the use of the water itself. The trial court in this case did not determine water rights but rather enjoined appellant from trespassing upon portions of the lake surface owned by appellees. Appellant is free to use that portion of the lake surface which he owns. Water rights are not in issue.

*Judgment affirmed. All the Justices concur, except Smith, J.,*

*not participating.*

DECIDED NOVEMBER 16, 1984.

*Staats, Overstreet & White, R. Graham Clarke, Jr.,* for appellant.
*J. Converse Bright, Richard J. Joseph,* for appellee.