## 74401. SOLID ROCK BAPTIST CHURCH, INC. et al. v. FREIGHT TERMINALS, INC.

### (361 SE2d 200)

Pope, Judge.

Plaintiff Freight Terminals, Inc. brought this action in the Superior Court of Cobb County against defendant The Solid Rock Baptist Church, Inc., seeking recovery of damages for breach of contract and fraud. Plaintiff also sought recovery of damages from six named individual defendants alleging wrongful interference with its contract rights with defendant church, but this claim has been dismissed. Defendant church answered and filed a cross-claim against the named individual defendants. This appeal arises from the trial court's grant of plaintiff's motion for partial summary judgment establishing defendant church's liability on the breach of contract claim. Also at issue here is the trial court's simultaneous denial of defendant church's "Motion for Declaratory Judgment."[1]

In order to facilitate an understanding of the issues in this case, a brief history of this matter is in order. The construction of I-285 in south Cobb County left the property of Wilson Memorial Baptist Church (comprising approximately six acres) on a dead-end street in an area rapidly converting to commercial and industrial development. A majority of the congregation voted to merge with nearby Skyview Baptist Church, thus forming a new church now known as The Solid Rock Baptist Church, Inc., defendant herein. This merger was facilitated by the good offices of the Noonday Baptist Association, Inc., described as "a fellowship of churches [having] absolutely no governmental nor other power over individual fellowships [or churches]. . . ." Defendant church entered into a contract for the sale of the six-acre site of the Wilson Memorial Baptist Church with plaintiff Freight Terminals, Inc. Coldwell Banker Commercial Real Estate Services, Inc. brokered the transaction. However, a dissatisfied minority of the Wilson Memorial congregation (individual defendants herein) first sought unsuccessfully to enjoin the merger of Wilson Memorial and Skyview, and presently have other lawsuits pending in the Superior Court of Cobb County disputing defendant church's claim of ownership of the subject six acres. Defendant church has been unable to resolve these disputes and, as a result, was unable to fulfill its obligations under the contract of sale with plaintiff.

1. Defendant church's "Motion for Declaratory Judgment" sought both declaratory relief and the addition of Coldwell Banker and Noonday Baptist Association as necessary parties to this case. Turning first to the prayer for declaratory relief, we find no statutory

---

[1] In regard to the appealability of this latter motion, see generally *Seaboard C. L. R. v. Mobile Chemical Co.,* 172 Ga. App. 543 (1) (323 SE2d 849) (1984).

prohibition to raising this issue by motion rather than by the usual petition. See OCGA § 9-4-2 (a). However, as to the merits of the motion in this regard, we find no error in the trial court's denial of same. In essence, defendant church sought a judicial declaration "in order to prepare a defense to the case at bar" that its past actions involving the merger and contract of sale were proper and that the individual defendants' actions regarding same were improper. " 'The object of the declaratory judgment is to permit determination of a controversy *before* obligations are repudiated or rights are violated.' . . . 'And where, as here, the [motion] shows that the rights of the parties have *already* accrued and no facts or circumstances are alleged which show that an adjudication of the [defendant church's] rights is necessary in order to relieve [it] from the risk of taking any future undirected action incident to [its] rights, which action without direction would jeopardize [its] interest, the [motion] fails to state a cause of action for declaratory judgment.' " *Milton Frank &c. Pubs. v. Ga. Assn. of Petroleum Retailers*, 219 Ga. 665, 671 (135 SE2d 330) (1964). "A declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined. . . . The prayers in the [motion] for declaratory judgment ask for substantially the same relief and against the same [parties] as in the pending cases [including the case at bar] and all issues raised by this [motion] were involved in or could be raised in the actions pending in the same court at the time the [motion] was filed, and the order entered thereon." (Indention omitted.) *Kiker v. Hefner*, 119 Ga. App. 629, 631 (168 SE2d 637) (1969); see also *City of Summerville v. Sellers*, 82 Ga. App. 361 (61 SE2d 160) (1950).

Defendant church's "Motion for Declaratory Judgment" also sought an adjudication that Coldwell Banker and Noonday Baptist Association were "necessary" parties in this case.[2] Assuming without deciding that the motion was adequate to properly raise the issue of joinder under OCGA § 9-11-19 (a) (see OCGA § 9-11-19 (c); but see *Klorer-Willhardt, Inc. v. Martz*, 166 Ga. App. 446 (1) (304 SE2d 442) (1983)), we find no error in the trial court's denial of same. "There are two essential tests of an indispensable party: (1) can [complete] relief be afforded the [existing parties] without the presence of the other party? (2) can the case be decided on its merits without prejudicing the rights of the other party?" *Pickett v. Paine*, 230 Ga. 786, 796 (199 SE2d 223) (1973); OCGA § 9-11-19 (a). "If there are no 'compelling

---

[2] On appeal defendant church also attempts to have the Skyview Baptist Church joined as a party in this case. Assuming arguendo that this entity is still in existence following its merger with Wilson Memorial, this issue was not raised in the court below and thus presents nothing for resolution here.

reasons' for joinder of the third parties, then they are not indispensable to the action, and it is not 'necessary' under [OCGA § 9-11-19] to join them as part[ies] . . . for a just adjudication of the merits of the action between the [existing] parties." *Peoples Bank of LaGrange v. N. C. Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352) (1973). The record discloses that both Coldwell Banker and Noonday Baptist Association have what can best be described as a passing interest in the case at bar. There are clearly no "compelling reasons" for joining either as a party in this case, for the presence of neither is required in order for complete relief to be afforded the existing parties, and neither has any rights subject to prejudice in the subject litigation. Complete relief as between the existing parties can be effected without giving consideration to a cause of action that any party may have against either of these entities after the conclusion of this case. Id. at 392.

2. We also find no error in the trial court's grant of plaintiff's motion for partial summary judgment establishing defendant church's liability on the breach of contract claim. The facts relating to this issue are plain and undisputed, notwithstanding both parties' attempts to cloud and color our view of same by references to other matters of record having no bearing on the rather narrow issue presented here.

As to the breach of contract claim, the record shows that plaintiff and defendant church entered into a contract of sale of the six acres originally owned by Wilson Memorial and subsequently deeded to defendant church upon the merger of Wilson Memorial and Skyview. There is no dispute that defendant church was authorized to and did in fact execute the subject contract. The contract provided that title to the property "shall be good and marketable and insurable by Ticor Title Insurance Company." Plaintiff's title search (as provided for by the contract) disclosed the pendency of several lawsuits disputing title to the property. In accordance with the contract, plaintiff furnished defendant church with a written statement detailing the defects in title. Although the contract provided defendant church with an opportunity to cure these defects, it failed to do so. Plaintiff twice exercised its option under the contract to postpone the closing, but upon defendant church's failure to cure the defects, plaintiff then exercised another option under the contract and declined to accept the property subject to the defects in title by giving timely notice thereof to defendant church. The contract expressly provided that the failure of defendant church to cure such defects constituted an act of default entitling plaintiff to the rights and remedies provided therein.

In response to the foregoing prima facie showing by plaintiff of defendant church's liability for breach of the subject contract, defendant church asserts plaintiff's failure to comply with certain conditions precedent provided in the contract. The cited provision, how-

ever, imposes no obligations on plaintiff but, rather, makes plaintiff's performance contingent on performance by defendant church and other listed events. The record discloses no breach of any provision of the contract by plaintiff, including the provision containing conditions precedent to the obligations of plaintiff.

The only other colorable defense offered by defendant church in opposition to plaintiff's summary judgment motion was that the actions of the individual defendants prevented defendant church's performance of the contract. However, the record discloses that defendant church was aware of the individual defendants' claims to the subject property at the time the contract was executed and was also aware of the individual defendants' physical possession of the property at that time. Notwithstanding these circumstances, defendant church made no contractual provision therefor. "Where a party voluntarily assumes a duty or liability, [it] is not relieved of [its] responsibility to perform under the contract when [it] might have provided for such contingencies. [Cit.]" *Cook Farms, Inc. v. Bostwick*, 165 Ga. App. 692, 695 (302 SE2d 574) (1983); see also *Gem Knitting Mills v. Empire Printing &c. Co.*, 3 Ga. App. 709 (2) (60 SE 365) (1908); 17A CJS, Contracts, § 462. See generally 17A CJS, Contracts, § 459 at p. 600, noting that the lawful conduct or interference of third parties will generally not excuse performance of a contract.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 9, 1987.

C. E. Thompson, for appellants.

G. Conley Ingram, Ray Gary, Ray Gary, Sr., J. Al Cochran, Mary C. Gill, Karen L. Abrahams, for appellee.