S95A1846. COURTESY LEASING, INC. et al. v. CHRISTIAN.
(465 SE2d 443)

CARLEY, Justice.

This case arises from the placement of an outdoor advertising sign on property owned by appellee Mrs. Martha Christian. Alleging that the sign had been placed on her property without her authorization, appellee filed suit for injunctive and legal relief against appellants Courtesy Leasing, Inc. and Pinnacle Outdoor, Inc. The trial court granted appellee an interlocutory injunction against appellants' continuing trespass on her property and, pending further order, also directed appellants to deposit into its registry "all rents, fees, income or other monies generated from the operation of the sign." This appeal is from that order of the trial court.

Appellants concede that "[a] continuing trespass may be enjoined in equity. [Cit.]" *Lanier v. Ocean Pond Fishing Club*, 253 Ga. 549, 550 (2) (322 SE2d 494) (1984). All that they urge on appeal is that the trial court erred in directing them to deposit into its registry all of the "monies generated from the operation of the sign." In this state, however, every court has the power "[t]o control, in the furtherance of justice, the conduct of its officers and all other persons connected with a judicial proceeding before it, in every matter appertaining thereto. . . ." OCGA § 15-1-3 (4). Pursuant to this statute, the courts of this state are given wide discretion in the management of the cases over which they preside. *Atlanta Newspapers v. Grimes*, 216 Ga. 74, 79 (114 SE2d 421) (1960). In this case, the entitlement as between appellee and appellants to any money received by virtue of the sign is in dispute. See OCGA §§ 44-11-7; 44-11-8; 44-11-9. We cannot say that, in ordering appellants to pay those monies into its registry, the trial court abused its discretion. *Anderson v. Middleton*, 263 Ga. 299 (430 SE2d 748) (1993). See also *Anthony v. Anthony*, 237 Ga. 872, 875 (230 SE2d 752) (1976) (appointment of a receiver).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 1996.

*Swift, Currie, McGhee & Hiers, Susan A. Dewberry*, for appellants.

*Johnson & Ward, Peter J. Quist, Arch W. McGarity*, for appellee.