## A00A1187. POPE v. PULTE HOME CORPORATION.
(539 SE2d 842)

JOHNSON, Chief Judge.

Pulte Home Corporation builds houses in the Atlanta area. Jeff Pope is a home inspector who has inspected Pulte houses for prospective home buyers. Pulte instructed Pope not to inspect any more of its properties because he did not have a business license from the counties where he was conducting the inspections. Pope ignored the instruction and inspected other Pulte homes. Pope's attorney also sent a letter to Pulte indicating that Pope intended to continue inspecting Pulte properties.

Pulte filed the instant action seeking to enjoin Pope from trespassing on its properties. The court issued a temporary order restraining Pope from entering Pulte properties. Pope thereafter entered another Pulte property to conduct an inspection. The court then issued a permanent injunction against Pope, prohibiting him from entering Pulte properties.

Pope appeals from the court's order. He contends that the court erred in granting the injunction and in refusing to join an indispensable party. The contentions are without merit, and we therefore affirm the trial court's judgment.

1. The term "property" includes not only the land possessed, but also the rights of the owner in relation to that land.[1] The owner has the rights to possess, use and dispose of the property and the corresponding right to exclude others from using the property.[2]

In the instant case, Pulte owned the properties in question and thus had the right to exclude Pope from them. Pulte exercised that right by instructing Pope not to enter its properties. But Pope repeatedly ignored the instruction.

Every act which unlawfully interferes with a private property owner's absolute right to enjoy its property is a tort for which an action shall lie.[3] A person commits trespass when he knowingly and without authority enters upon the land of another after having received prior notice that such entry is forbidden.[4] If there is a continuing trespass, it may be enjoined in equity.[5]

Here, Pope ignored not only Pulte's instructions forbidding him from entering its properties, but also the court's temporary injunction prohibiting his entry onto Pulte properties. Moreover, he threatened to continue entering Pulte properties regardless of Pulte's

[1] *Dept. of Transp. v. Arnold*, 243 Ga. App. 15, 18 (1) (530 SE2d 767) (2000).
[2] Id.
[3] OCGA § 51-9-1.
[4] OCGA § 16-7-21 (b) (2). See also *Bullock v. Jeon*, 226 Ga. App. 875-876 (1) (487 SE2d 692) (1997).
[5] *Courtesy Leasing v. Christian*, 266 Ga. 187 (465 SE2d 443) (1996).

wishes. Given Pope's repeated trespasses and his threats to trespass again, the trial court did not abuse its discretion in permanently enjoining Pope from continuously trespassing upon Pulte properties.[6] Absent an abuse of discretion, the trial court's entry of an injunction must be sustained.[7]

2. Pope claims that the court erred in denying his motion to dismiss the action because Pulte failed to add an indispensable party, i.e., a home buyer who had hired Pope to inspect a Pulte home. Contrary to Pope's claim, he has made no showing that the buyer was an indispensable party.

A party is indispensable if (1) the existing parties cannot obtain complete relief without the presence of the other party, or (2) the merits of the case cannot be decided without prejudicing the other party's rights.[8] Pope has made no real argument, and certainly no showing, that the buyer's presence was necessary in order for him or Pulte to obtain complete relief.

Rather, Pope argues that the buyer's rights under her home purchase contract with Pulte were prejudiced by the court's decision in her absence. Pope reasons that under the contract the buyer was entitled to choose Pope as her home inspector, and such right to choose her inspector has been prejudiced by the court's ruling. Pope's reasoning is flawed because the home purchase contract does not give the buyer the right to choose Pope as her inspector.

The contract provision that Pope relies on to support his argument is entitled "VISITING THE HOME." It provides that Pulte has advised the buyer, and she understands, that the home construction site is dangerous and that Pulte discourages the buyer from visiting the house. Nevertheless, if the buyer decides to visit the home construction site, she agrees that she assumes the risk of such a visit and that she will be responsible for and hold Pulte harmless for any damages caused by her visit or the visit of any of her family members, invitees or guests.

This paragraph is nothing more than a warning for the buyer to stay away from a dangerous site and a "hold harmless" clause. While the provision recognizes that the buyer might visit the site with an invitee, it in no way establishes that the buyer is entitled to choose Pope, or any other person whom Pulte has forbidden from entering its property, to inspect the home.

---

[6] See *Lanier v. Ocean Pond Fishing Club*, 253 Ga. 549, 550 (2) (322 SE2d 494) (1984) (no error where court enjoined appellant from continuing to disregard appellee's repeated requests that he not boat or fish upon its lake property).

[7] See *Essex Group v. Southwire Co.*, 269 Ga. 553, 557-558 (2) (501 SE2d 501) (1998).

[8] OCGA § 9-11-19 (a); *Solid Rock Baptist Church v. Freight Terminals*, 184 Ga. App. 111, 112 (361 SE2d 200) (1987).

Because Pope and Pulte could obtain complete relief without the home buyer's presence, and because the buyer's rights were not prejudiced by the decision, she was not an indispensable party. The court therefore did not abuse its discretion in denying Pope's motion to dismiss.[9]

3. Pope's remaining arguments are without merit and provide no grounds for reversing the trial court's judgment.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 26, 2000.

*Cornelison & Van Gelderen, Rex P. Cornelison III, Leon Van Gelderen, John A. Ziolo,* for appellant.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., James S. Teague, Jr.,* for appellee.

---

[9] See *Altama Delta Corp. v. Howell,* 225 Ga. App. 78, 81 (3) (483 SE2d 127) (1997).