## S09A1964. TUNISON et al. v. HARPER.

(690 SE2d 819)

HUNSTEIN, Chief Justice.

This is an appeal from the denial of injunctive relief sought by appellants, D.C. Tunison, Mary Tunison and Arlene Tunison, to protect their riparian rights to a 20-acre woods pond[1] situated on their property and that of adjacent property owner, appellee Terry Harper. This petition was filed after appellee, a farmer who uses the pond to irrigate crops on his property, increased the amount of land he irrigates from about five acres to 40-45 acres. Appellants asserted that appellee's action lowers the water table, killing the fish and preventing their aesthetic enjoyment of the pond. In its order, the trial court recognized that every riparian owner is entitled to a reasonable use of the waters, *Stewart v. Bridges*, 249 Ga. 626, 627 (292 SE2d 702) (1982), and then quoted this Court for the proposition that "[t]he use of water for agricultural purposes . . . [is] a reasonable use along with domestic use . . . [and] 'that a reasonable amount of water may be diverted for irrigation, under the general right of use for domestic and agricultural purposes.' [Cits.]" *Pyle v. Gilbert*, 245 Ga. 403, 407 (1) (265 SE2d 584) (1980). In reliance on *Pyle v. Gilbert*, the trial court denied injunctive relief, concluding that appellee's use of his water on his property is reasonable and that appellants are "able to dig even more or deeper pits on [their] side of the property line if [they] think[ the] water level is too low." For the reasons that follow, we vacate and remand the trial court's order with direction.

1. Appellants originally filed this appeal in the Court of Appeals, which transferred it to this Court on the basis that the case arises out of our general equity jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). That court acted properly in so doing. The trial court in this case was required to determine whether appellee was making reasonable use of the woods pond water in assessing appellants' request for an injunction to protect their riparian rights to the pond. See *Stewart v. Bridges*, supra, 249 Ga. at 626. Unlike cases such as *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999) and *Pittman v. Harbin Clinic Professional Assn.*, 263 Ga. 66 (428 SE2d 328) (1993), the rights of these parties are not grounded in written contracts to be construed by the trial court such that equity was only ancillary to the underlying issues of law. As in *Stewart*, supra at 626-627, this case "does not involve a planned

---

[1] While the term "riparian rights" technically refers to the rights of owners of land abutting a stream, whereas the term "littoral rights" refers to the rights of owners of land abutting the surface waters of a lake or the sea, courts now commonly use the word "riparian" when describing water rights in either context. See 78 Am. Jur. 2d Waters, § 30.

688

community or recreational development with recorded right to and restrictions on the use of [water]. That is to say, the common law, as opposed to contract law, is applicable here." Equitable principles were thus at the core of the trial court's determination here as to whether appellee has made a reasonable use of the water he shares with appellants. It follows that jurisdiction is properly in this Court. Art. VI, Sec. VI, Par. III (2).

2. Appellants contend the trial court erred by giving appellee unlimited use of the water in the woods pond. The trial court found that appellee's use of the pond water for farm irrigation purposes was reasonable. However, in assessing the reasonableness of appellee's use of the pond for that purpose, the trial court necessarily had to weigh appellee's agricultural use against appellants' recreational use of the pond. Although the trial court did not itself discuss the weight to be given these different uses of the pond, the quoted language from *Pyle* on which the trial court relied can be read to indicate that equal weight should be given to agricultural and domestic water use. See id., 245 Ga. at 407 (1), noting that water for agricultural purposes is a "reasonable use *along with* domestic use" and recognizing "'the general right of use [of water] *for domestic and agricultural* purposes.'" (Emphases supplied.) However, in *Stewart*, the other case cited by the trial court, this Court expressly declined to "undertake to decide whether there is irreconcilable conflict between recreational and agricultural use" of lake water, id., 249 Ga. at 628, and this Court has not since had occasion to address the issue.

We now resolve that issue in this opinion. Our review of foreign jurisdictions and learned authorities regarding the rights of riparian proprietors to the use of waters in a non-navigable pond has revealed a well-established consensus that "[t]he use of water for domestic purposes is usually accorded a preference over [other uses]" (footnote omitted), 78 Am. Jur. 2d Waters, § 54, p. 410, and that "[a]side from the use of water from a stream or lake for strictly domestic purposes, all other lawful uses of water are equal." (Footnote omitted.) Id. See also, e.g., *Harris v. Brooks*, 283 SW2d 129, 134 (Ark. 1955) (same); *Taylor v. Tampa Coal Co.*, 46 S2d 392, 394 (Fla. 1950) (same). We agree that the right to use water for strictly domestic purposes is the only use superior to other lawful uses of water and that these other lawful uses of water should be treated equally. To the extent that *Pyle v. Gilbert*, supra, 245 Ga. at 407 (1) can be read to indicate that agricultural water usage is accorded the greater weight given strictly domestic water usage, it is hereby overruled.

By this holding we provide the resolution of the core issue that the trial court needed in order to properly weigh the equities of the

conflicting claims by these parties to the woods pond's water. We therefore vacate the trial court's order and remand the case to that court so that it may hear evidence and reassess its ruling regarding the reasonableness of the parties' conflicting water usages in light of our opinion.

*Judgment vacated and case remanded with direction. All the Justices concur, except Carley, P. J., and Hines and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

This riparian rights case revolves around the complaint of one riparian owner using a "woods pond or swamp" for recreational purposes that another owner was unreasonably using water from the same pond for agricultural and irrigation purposes. To further his enjoyment of the pond, each owner had dug a pit to retain water. In balancing the rights of these riparian owners, the trial court ruled succinctly as follows: "[Harper]'s use of his water on his property is reasonable. [Tunison] is able to dig even more or deeper pits on his side of the property line if he thinks his water level too low, just as [Harper] can." The trial court was correct in its determination that irrigation is a reasonable use, and its ruling shows that the trial court properly treated the uses equally in reaching its decision to deny Tunison's petition for a permanent restraining order. There is nothing incorrect or improper in the trial court's order, and neither the facts of this case nor the trial court's order rely on any case law regarding the domestic use of water. For these reasons, I believe that the majority errs by vacating the trial court's order based on law regarding the use of water for domestic purposes. Accordingly, I must respectfully dissent.

I agree with the majority's assessment that "the right to use water for strictly domestic purposes is the only use superior to other lawful uses of water and that these other lawful uses should be treated equally." I disagree, however, that this observation requires us to vacate the trial court's order in this case for several reasons. First, it is undisputed that the domestic use of water is not involved in this case, and, as such, law relevant to such a use is not a basis for vacating the trial court's order. As such, the relevant legal landscape as it relates to agricultural and recreational uses remains unchanged by this Court's clarification. Second, contrary to the majority's characterization, *Pyle v. Gilbert*, 245 Ga. 403 (265 SE2d 584) (1980), makes no statements, express or implied, regarding the weight to be given to agricultural or domestic uses of water. In *Pyle*, another case in which *domestic water use was not in issue*, this Court addressed an argument that an upper riparian owner would never be authorized to divert water for irrigation from a lower riparian owner because

such an act was a legislatively prohibited diversion of water. We framed the question as "whether the use of water for irrigation is a diversion under our laws and thus is prohibited." Id. at 407 (1). We then held that

> irrigation is not a per se diversion of water prohibited by law. In sum, we find that the right of the lower riparian to receive the natural flow of the water without diversion or diminution is subject to the right of the upper riparian to its reasonable use, for agricultural purposes, including irrigation.

(Citation omitted.) Id. at 408 (1). In short, *Pyle*, a case in which the use of water for irrigation was pitted against the use of water for a gristmill, provides no reason to vacate the trial court's order in the present action. Finally, the trial court in this case correctly weighed the water uses at issue and reached an appropriate holding. The trial court was lawfully compelled by notions that Harper's use was reasonable and Tunison could dig farther to protect his use. This lawful analysis has not been criticized by this Court in the least, and the majority does not even suggest that the trial court must alter its analysis in any way. Vacating this correct order would do nothing more than delay the resolution of this case and cause a direct disservice to the parties involved.

Therefore, for all of the reasons set forth above, the trial court's order should be affirmed.

I am authorized to state that Presiding Justice Carley and Justice Hines join in this dissent.

DECIDED MARCH 15, 2010.

*Terry R. Barnick*, for appellants.
*Cowart & Perry, Zachary R. Cowart, Daniel L. Studstill*, for appellee.