A11A1399. JONES v. FOREST LAKE VILLAGE HOMEOWNERS ASSOCIATION, INC. et al.
(720 SE2d 174)

SMITH, Presiding Judge.

In this case, the following circumstances exist and are dispositive of the appeal:

(1) The evidence supports the judgment;

(2) No reversible error of law appears and an opinion would have no precedential value;

(3) The judgment of the court below adequately explains the decision; and

(4) The issues are controlled adversely to the appellant for the reasons and authority given in the appellees' brief.

This is not the first appearance of this case before this court. In *Jones v. Forest Lake Village Homeowners Assn.*, 304 Ga. App. 495 (696 SE2d 453) (2010), Jones appealed from the judgment entered on a jury verdict in favor of appellees, including the award of a substantial penalty under OCGA § 13-6-11 for stubborn litigiousness or causing appellees unnecessary trouble and expense. Id. at 503-505 (4). This court affirmed on virtually every point, including the award of OCGA § 13-6-11 penalties, but vacated the judgment in part and remanded it for a correction of the language of the judgment. Id. at 500-501 (1) (c). The trial court complied exactly with this court's instructions, but Jones nevertheless appealed again, asserting without any apparent basis that the trial court failed to comply with this court's instructions, and raising two equally meritless complaints concerning the release of appellees' funds from the registry of the trial court.

The judgment of the court below therefore is affirmed in accordance with Court of Appeals Rule 36. Appellant having ignored the jury's earlier conclusion and prosecuted this wholly frivolous appeal, we assess frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b), in the amount of $2,500 against appellant and $2,500 against his appellate counsel. Upon return of the remittitur, the trial court is directed to enter a $5,000 judgment in favor of appellees in the form of a $2,500 penalty against Andrew R. Jones, and a $2,500 penalty against his appellate counsel. *Pitts Properties v. Auburn Bank*, 274 Ga. App. 538, 539 (618 SE2d 171) (2005).

*Judgment affirmed. Mikell and Dillard, JJ., concur.*

## ON MOTION FOR RECONSIDERATION.

Jones has filed a motion for reconsideration, in which he complains that the order entered by the trial court did not include an agreed-to $641 setoff in his favor and thus required reversal, justifying his appeal and defeating the award of frivolous appeal penalties.

But the order entered by the trial court directed only that monies deposited by appellees in the registry of the court be returned to appellees "pursuant to a requirement contained in the Order Granting Interlocutory Injunction thirty-one days after the entry of this order." The amounts to be returned were not specifically noted in the order and would be allocated by the trial court in accordance with its very broad discretion in controlling funds in the registry of the court. See *Courtesy Leasing v. Christian*, 266 Ga. 187 (465 SE2d 443) (1996). And the setoff ultimately was applied to the $7,500 in attorney fees awarded against Jones by the trial court, not to the monies deposited in the registry of the court. In the absence of a demonstrated abuse of discretion, Jones's assertion that the exclusion of the setoff justified this appeal is without merit.

In addition, Jones argued in his appeal that the trial court had failed to comply with this court's instructions to correct the language of the judgment below, and that the trial court's order was erroneous because it had no authority to order the return of monies in the registry of the court to appellees through their attorney. The existence of a setoff was noted, but only in passing as part of Jones's argument that the disbursement procedure was illegal in its entirety. Jones's stated grounds for appeal were entirely without merit, and the omission of the setoff was irrelevant to his contentions on appeal.

Finally, as appellees note, the application of the setoff could have been accomplished with a telephone call. But Jones made no effort to call, write a letter, or move for reconsideration in the trial court. Instead, he filed his notice of appeal two days after entry of the order below. The filing fees of this court, the cost of preparation of the record on appeal, and attorney fees have consumed, or nearly so, the relatively small amount of the setoff. And we must also consider that Jones's appeal resulted in additional attorney fees expended by appellees to address his meritless contentions.

All these facts fully justified the conclusion that Jones's second appeal in this matter was brought entirely for purposes of delay.

The motion for reconsideration is therefore denied.

*Motion for reconsideration denied.*

DECIDED SEPTEMBER 20, 2011 —
RECONSIDERATION DENIED NOVEMBER 22, 2011 — 

*David G. Kopp*, for appellant.
*Adams & Ford, Francis N. Ford*, for appellees.