[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10051
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01496-RWS


RONALD FITZPATRICK,

Plaintiff-Appellant,

versus

THE BANK OF NEW YORK MELLON,
as Trustee for the Benefit of the Certificate Holders
of CWABS Inc., Asset Backed Certificates, Series 2007-5,
THE LAW FIRM OF RUBIN, LUBLIN, SUAREZ & SERRANO, LLC,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 28, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Ronald Fitzpatrick, proceeding pro se, appeals the district court's order dismissing his complaint against Bank of New York Mellon (BNYM), as Trustee for the Certificate Holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-5  and the Law Firm of Rubin Lublin Suarez Serrano, LLC (Rubin Lublin), alleging violations under the Depository Institutions Deregulation Monetary Control Act (DIDMCA), 12 U.S.C. § 1735f-7a; National Housing Act (NHA) regulations, 12 U.S.C. § 1701 et. seq. ; the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.; and state law claims of wrongful foreclosure and trespass, all in connection with the foreclosure of his former residence, real property located at 300 Peachtree Street NE, Unit 14-C, Peachtree Towers, in Fulton County, Georgia ("the Property").   The district court dismissed his complaint against BNYM, the holder of the security deed, for failure to state a claim, and it dismissed his complaint against Rubin Lublin for insufficient service of process.

On appeal, Fitzpatrick challenges the dismissal in several respects.  As to his complaint against BNYM, he argues, first, that the district court erred in dismissing his claim under DIDMCA and NHA because he properly alleged that his loan was a "federally related mortgage loan," and thus, he sufficiently invoked those laws. Second, he asserts that the foreclosure was a debt-collection proceeding within the meaning of the FDCPA because one of the foreclosure notices that BNYM sent

identified Rubin Lublin as the debt collector on its behalf. Third, he contends that the court erred in addressing his wrongful-foreclosure claim under Georgia law because federal law applied, but he does not otherwise address his state wrongful-foreclosure claim. Fourth, he asserts that the court improperly concluded that trespass required physical entry onto property. Lastly, he argues that his request for waiver of service showed that he substantially complied with the requirements for service of process.

The appellees respond, in part, that Fitzpatrick abandoned his FDCPA claim by failing to address the bases underlying the court's dismissal of the claims. We will first address dismissal of the complaint against BNYM by grouping the federal claims together and the state claims together, and will then address the dismissal of the complaint against Rubin Lublin.

## I.

We review a dismissal for failure to state a claim de novo, taking the factual allegations as true and construing them in the light most favorable to the plaintiff. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "Dismissal for failure to state a claim is proper if the factual allegations are not enough to raise a right to relief above the speculative level." *Id.* (internal quotation marks omitted). Similarly, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d

3

1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, __ U.S. __, 132 S. Ct. 1702 (2012).   Moreover, we are not required to accept bare labels and legal conclusions in a complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The pleadings of pro se litigants are entitled to a liberal construction.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).  Further, we liberally construe pro se briefs on appeal, but where a pro se appellant fails to raise a legal claim on appeal, he abandons that claim and we will not review it.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

## A. *Federal Claims:  DIDMCA/NHA, FDCPA*

The term "federally related mortgage loan," refers to any loan that is: (i) a refinance loan, (ii) insured or made by any agency of the Federal Government, (iii) intended to be sold to the Federal National Mortgage Association, the Government National Mortgage Association, the Federal Home Loan Mortgage Corporation; or (iv) made by a creditor who makes or invests in residential real estate loans aggregating more than $1,000,000 per year.  12 U.S.C. § 2602.  Federally related mortgages are subject to provisions and protections of various federal housing laws.

Here, the district court properly concluded that Fitzpatrick failed to state a claim under federal law.  Fitzpatrick did not adequately allege a basis for invoking

4

DIDMCA or NHA because his complaint in this respect merely asserted that his loan was a "federally related mortgage loan," but did not further allege how the loan met the definition under 12 U.S.C. § 2602. The district court was not required to accept that conclusory label as true. *Ashcroft*, 556 U.S. at 678, 129 S. Ct. at 1949. Thus, we affirm on the dismissal of Fitzpatrick's DIDMCA/NHA and FDCPA claims.

Fitzpatrick's FDCPA claim also fails. An action under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). On appeal, Fitzpatrick fails to offer any argument as to the district court's conclusion that his FDCPA claim was time-barred, the sole basis for dismissal. Therefore, he has abandoned the claim. *See Timson*, 518 F.3d at 874. Accordingly, we affirm the dismissal of his federal claims.

### B. *State-law Claims:  Wrongful Foreclosure and Trespass*

To state a claim for wrongful foreclosure under Georgia law, a plaintiff must allege, *inter alia*, that the foreclosing party breached a legal duty that it owed to the plaintiff. *DeGolyer v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008). In Georgia, a foreclosing party need only send a debtor one notice, at least 30 days in advance of a foreclosure sale, of the initiation of foreclosure proceedings. *See* O.C.G.A. § 44-14-162.2. The notice must contain the name and

contact information of the "individual or entity [with] full authority to negotiate, amend, and modify all terms of the mortgage with the debtor." *Id.*

To state a claim for trespass in Georgia, a plaintiff must allege facts showing an *unlawful* interference with his right to enjoy his private property. *See Pope v. Pulte Home Corp.*, 539 S.E.2d 842, 843 (Ga. Ct. App. 2000). Further, a party seeking to exercise a power of sale in a security deed in Georgia is *not* required to hold the promissory note as proof of the debt in addition to the security deed. *You v. JP Morgan Chase Bank*, 743 S.E.2d 428, 433–34 (Ga. 2013) (emphasis added).

The district court properly dismissed Fitzpatrick's state-law claims. The district court properly concluded that Fitzpatrick failed to state a claim for wrongful foreclosure under § 44-14-162.2 because none of the deficiencies he identified with respect to the October 17 Notice—the failure to identify the Loan Reference Number, the secured creditor, the servicer of the loan, or the holder of the promissory note and security deed—are required under the statute. *See* O.C.G.A. §44-14-162.2.

Next, the district court properly dismissed Fitzpatrick's trespass claim because he failed to allege any fact showing that BNYM's interference with the property was unlawful. Specifically, none of the notice deficiencies he identified render a foreclosure invalid, and his assertion that BNYM needed the promissory note in addition to the security deed to initiate the foreclosure proceedings fails

6

under *You.  See You*, 743 S.E.2d at 433–34.  Thus, we affirm the district court's

dismissal of Fitzpatrick's state-law claims.

## II.

"We review the district court's grant of a motion to dismiss for insufficient

service of process under Federal Rule of Civil Procedure 12(b)(5) by applying a de

novo standard to the law and a clear error standard to any findings of fact."  *Albra*,

490 F.3d at 829 (internal quotation marks omitted).  We review for an abuse of

discretion a district court's dismissal without prejudice of a plaintiff's complaint for

failure to timely serve a summons and complaint under Fed. R. Civ. P.

4(m).  *Lepone–Dempsey v. Carroll Cnty. Comm'rs,* 476 F.3d 1277, 1280 (11th

Cir. 2007).

The plaintiff to an action is responsible for having the summons and

complaint served on the defendant within 120 days after filing the complaint.  *See*

Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(c)(1).  A plaintiff may serve process on a

limited liability company (LLC), like Rubin Lublin, by delivering the summons

and complaint to an officer, managing or general agent, or other agent who is

authorized to receive service of process, or by following state law for service of

process.  Fed. R. Civ. P. 4(h)(1).

Under the federal method of effecting service, service by mail upon an LLC

may be accomplished where the plaintiff sends a valid request for waiver of

service, and the defendant executes an acknowledgment of service indicating its waiver of personal service of process. Fed. R. Civ. P. 4(d) (providing that waiver request must, *inter alia*, be mailed to agent authorized to receive service of process, and include two copies of the waiver form). Similarly, absent substituted service, Georgia law requires personal service upon a defendant corporation unless the defendant executes a waiver of personal service. *See* O.C.G.A. § 9–11–4(d)(3); *KMM Indus., Inc. v. Prof'l Ass'n, Inc.*, 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail . . . ."). A defendant is not required to waive formal service if requested, and "if the defendant fails to respond to service by mail, the plaintiff must effect personal service pursuant to Rule 4(e)." *Lepone-Dempsey*, 476 F.3d at 1281; *see* Fed. R. Civ. P. 4(d)(2).

A plaintiff must make proof of service to the court by submitting the server's affidavit. Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, however, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Where a defendant challenges service of process, the plaintiff bears the burden of establishing its

8

validity. *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Unit A Jan. 1981).[1] "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra*, 490 F.3d at 829.

Here, the district court properly dismissed Fitzpatrick's complaint against Rubin Lublin for insufficient service of process. Fitzpatrick filed his original complaint on April 5, 2013, and never provided proof of timely service to the district or made any effort to show good cause for the delay. *See* Fed. R. Civ. P. 4(m). His request for waiver of service was insufficient because it failed to comply with the requirements of Fed. R. Civ. P.4(d)—the waiver was addressed to the firm itself, rather than an authorized agent, and it provided only one copy of the waiver form. Fed. R. Civ. P. 4(d). More importantly, however, Fitzpatrick did not provide the district court any proof that Rubin Lublin agreed to waive service of process. On the contrary, Rubin Lublin expressly stated that it had not done so, which was within its discretion. *Lepone-Dempsey*, 476 F.3d at 1281. Because Rubin Lublin did not respond to service by mail, Fitzpatrick was required to effect personal service. *Id.* A review of the district court's records shows that he did not do so, however, either by the time the magistrate judge issued a disposition report, or by the time the district court entered a final judgment in the case, both of which

---

[1] We adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

fell beyond the 120-day period.  Moreover, he could not rely on actual notice, alone, to establish valid proof of service or waiver.  *Albra*, 490 F.3d at 827, 829.  Accordingly, Fitzpatrick failed to show that he perfected service of process upon Rubin Lublin.[2]

**AFFIRMED.**

---

[2] To the extent Fitzpatrick asserts that the court erred in ignoring his responses in opposition to the dismissal motions because they were timely, his assertion is meritless because he filed each response several weeks after service. LR 7.1B, NDGa.  (providing that a party opposing a motion must serve his response within 14 days after service of the motion); *Clark v. Housing Auth. of Alma*, 971 F.2d 723, 727 (11th Cir. 1992) ("[W]e give great deference to a district court's interpretation of its local rules").  Moreover, pro se litigants are held to filing deadlines. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1325–26 (11th Cir. 2001).